

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# Hesling v. Seidenberger

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2125

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hesling v. Seidenberger" (2008). *2008 Decisions.* Paper 918.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/918

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2125

CHRISTINE HESLING,

Appellant

v.

THOMAS SEIDENBERGER, In His Official
Capacity as Superintendent for the
Avon Grove School District

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-cv-4874
District Judge: The Honorable Louis H. Pollak

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2008

Before: RENDELL, SMITH,
and FISHER, *Circuit Judges*

(Filed: July 2, 2008)

OPINION

SMITH, *Circuit Judge*.

With this appeal, Christine Hesling argues that the District Court erred in granting

summary judgment in favor of defendant, then-Superintendent for the Avon Grove

School District Dr. Thomas Seidenberger, on her retaliation claims brought pursuant to 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act (IDEA), the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the First Amendment.[1] Each claim emanates from actions allegedly taken against her by Seidenberger in retaliation for her successful use of special education due process proceedings on behalf of her two children and her special education advocacy. In a claim for retaliation under 42 U.S.C. § 1983, a plaintiff must establish a causal relationship between his or her protected activity and the retaliatory action. *See, e.g.*, *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (First Amendment); *Lauren W. ex rel. Jean W. v. Deflaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (Rehabilitation Act). Because we conclude that Hesling has failed to establish the requisite causal connection to sustain her claims of retaliation, we will affirm.[2]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[2] In addition, Hesling has waived her retaliation claims under the ADA and the Rehabilitation Act by failing to raise them in her opening brief. "An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" *Laborers' Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (citation omitted). Even if Hesling had not waived these claims, we would still deny relief on the merits in light of the absence of a causal connection. Further, nothing in this opinion should be construed as implying that Hesling had standing to bring a retaliation suit under the IDEA on her own behalf, or that she was—or was not—required to administratively exhaust said claim. Even if we assume that Hesling has standing to protect her procedural rights under the IDEA and that there are no procedural defects in her presentation of the claim, she has failed to show, as a matter of law, a causal connection between the exercise of that protected activity and the alleged adverse action.

The alleged retaliatory act at issue is a letter to the editor of the *Avon Grove Sun* written by an attorney on behalf of some administrators, not including Seidenberger, for the Avon Grove School District.[3] The letter reacted to a newspaper article written by Hesling in her capacity as a journalist for the *Avon Grove Sun*.[4] The letter, which was ultimately published, contended that Hesling had a conflict of interest in reporting on Avon Grove School Board activities because she had been involved in "litigation" with the School District for the last two years. Hesling claims that Seidenberger was shown the letter before it was sent to the newspaper, that he told a fellow administrator about her advocacy efforts on behalf of an organization known as Casualties of Public Education (COPE), that he did not have any significant disagreement with the content of her newspaper article, but that nonetheless he did not prevent the administrators from sending the letter, and took no disciplinary action against them.

In a claim for retaliation, plaintiffs "must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W.*, 480 F.3d at 267 (citations omitted). Even if we agree that the first two elements are met,

---

[3] The record indicates that the attorney was retained for purposes wholly unrelated to the Hesling article.

[4] Hesling wrote part-time on a freelance basis for the *Avon Grove Sun*, a local newspaper, covering Avon Grove School Board meetings and School District activities.

3

Hesling has failed to show the necessary causal relationship between her protected activity and the adverse action. To establish the requisite causal connection

> a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. In the absence of that proof the plaintiff must show that from the evidence gleaned from the record as a whole the trier of the fact should infer causation.

*Lauren W. ex rel. Jean W.*, 480 F.3d at 267 (citations and quotation omitted).

While the record reflects some frustration on the part of Seidenberger with Hesling, there is no testimony suggesting an ongoing pattern of antagonism or evidencing any connection between Seidenberger's feelings and the letter. Seidenberger was not one of the administrators who retained the attorney, did not request that the letter be written or sent, and was only shown the letter briefly after it had already been written. While Seidenberger did provide information regarding COPE, we do not see how this changes the calculus. There is no evidence in the record to show that Seidenberger had any other connection whatsoever to the letter, which is the only alleged retaliatory act at issue. There is also no evidence to suggest that the letter was in response to anything other than disagreement with the article's substantive accuracy and Hesling's perceived conflict of interest and failure to disclose that conflict in the article. Further, Seidenberger did not have the ability to take disciplinary action against the administrators for sending the letter. *See generally Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1968).

Finally, the temporal proximity here is not unusually suggestive so as to establish

the requisite causal connection. The record reflects Seidenberger's knowledge that Hesling's due process proceedings with the School District had been ongoing for about two years. With Hesling's ongoing protected activity, it cannot be said that the timing of this letter is unusually suggestive.

For the foregoing reasons, we will affirm the judgment of the District Court.